SARAH E. PARKER vs. EDMUND E. PRESCOTT.

Waldo.    Announced at July Law Term, 1892, Western District.

Opinion May 20, 1893.

*New Trial.   Verdict.   Jury.   Notice.   R. S., c. 73, § 8.*

When a verdict is so clearly wrong as to require the intervention of the court, it will be set aside.

This was a writ of entry in which both parties claimed title from one Willard H. Chadwick. The plaintiff claimed title by virtue of an attachment made November 3, 1884, in a suit brought by her against said Chadwick, and a sale on the execution which issued on the judgment recovered in the suit. It was undisputed that Chadwick conveyed the premises, situated in Palermo, Waldo county, by deed of warranty, to Edwin O. Chadwick, May 17, 1875; and that said Edwin conveyed the same to the defendant, Prescott, April 27, 1878; also that neither of these deeds was recorded at the time of the attachment, nor at the time of the sale. These deeds were not recorded until 1890.

The issue of fact submitted to the jury was whether the plaintiff, at the time of making her attachment, had actual notice of the deed from Willard H. Chadwick to Edwin O. Chadwick.

Under the instructions of the presiding justice, to which no exceptions were taken, the jury returned a verdict for the defendant.

The testimony showed that the plaintiff, having an unsatisfied judgment against Willard H. Chadwick, ascertained by the registry of deeds for Waldo county that the record title of the demanded premises was in him, and caused the same to be attached and sold on execution as his property. The plaintiff who resides in Worcester, Massachusetts, was a stranger to the premises, and had recovered a judgment against said Chadwick in Worcester county, Massachusetts, for board furnished him in 1872, 1876, and 1877.

The defense relied upon the testimony of Chadwick and his wife to prove that the plaintiff had actual notice of the unrecorded deed of Willard H. Chadwick to Edwin O. Chadwick in 1875.

The testimony related to conversations in 1875 with the plaintiff at Worcester. The plaintiff denied the conversations.

The testimony also showed that Willard H. Chadwick was married January 1, 1871. After their marriage, he and his wife boarded with Mrs. Parker, the plaintiff, until they left Worcester and came to Palermo in the latter part of 1871 or the first of 1872. After his arrival in Palermo, Chadwick bought a farm, the demanded premises, in Palermo, of his father. In May, 1875, he sold the farm to his brother, Edwin O. Chadwick. In the fall of 1875, Mrs. Chadwick commenced to board again with the plaintiff, and in January, 1876, Chadwick went there to board. They continued to board with the plaintiff until January 10, 1878. Mrs. Chadwick testified that after she went to Mrs. Parker's to board in the fall of 1875, and while she was boarding there, she informed Mrs. Parker that the place was sold to Edwin O. Chadwick, and that she was glad the farm was gone, and that they, (the plaintiff and her mother) were glad for her sake. This witness testifies that the matter of the sale of the place was talked over between her and the plaintiff several times and that she had heard her husband tell the plaintiff that he had disposed of his farm to his brother.

Willard H. Chadwick testifies that he informed the plaintiff that he had disposed of his place and was glad of it; that on one occasion he told him that he got no money for the place, but had got notes.

*J. Williamson*, for plaintiff.

Alleged conversations too remote; general, not confined to the subject; relating to property at a distance. Pom. Eq. § 602, and note; 2 Sug. Vend. 1041; *Lambert* v. *Newman*, 56 Ala. 623; *Porter* v. *Sevey*, 43 Maine, 529. Information by strangers. *Woods* v. *Farmere*, 7 Watts, 382; *Ripple* v. *Ripple*, 1 Rawle, 391; *Kerns* v. *Swope*, 2 Watts, 7. Notice should be actual in the transaction, by the party at interest. *East Grimstead case*, Duke Ch. Us. 638, 640; *Peebles* v. *Reading*, 8 S. & R. 484; *Boggs* v. *Varner*, 6 W. & S. 469. Implied or constructive notice does not apply to attaching creditors. *Parker* v. *Osgood*, 3 Allen, 487; *Richardson* v. *Smith*, 11 Allen, 134.

*W. H. Fogler*, for defendant.

Counsel cited: *Knapp* v. *Bailey*, 79 Maine, 195 ; *Houghton* v. *Davenport*, 74 Maine, 594 approving *Hackett v. Callender*, 32 Vt. 97.

WALTON, J. This is a writ of entry. The plaintiff claims title through an attachment and levy ; and the only question is whether the plaintiff, at the time of the attachment, had actual notice of the existence of an unrecorded deed.

The evidence of such notice is very unsatisfactory. But the jury, nevertheless, found in favor of the defendant, which shows that, in their judgment, the plaintiff had such notice.

Is the verdict so clearly wrong as to require us to set it aside? The presiding justice before whom the case was tried (VIRGIN) thinks it is. We have read the evidence very carefully, and we are of the same opinion.

*Motion sustained.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.